IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CHRISTOPHER GALLANT, et al.**    :
                                    :
**v.**                              :    **CIVIL NO. L-01-4255**
                                    :
**MCDONALD'S CORPORATION, et al.**  :

## MEMORANDUM

Now before the Court are three motions: (i) Defendant Hardee's Food System, Inc.'s ("Hardee's") Motion to Dismiss, (ii) Defendant McDonald's Corporation's ("McDonald's") Motion to Dismiss, and (iii) Christopher Gallant, CFG Enterprises, Inc., CFG Enterprises, Inc., III, CFG Enterprises, Inc., IV's (collectively "Plaintiffs") Motion for Retroactive Extension of Time to Serve Summons on Defendants. As the motions have been fully briefed, the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court will, by separate Order:

(i)   GRANT Hardee's Motion to Dismiss;

(ii)  DENY McDonald's Motion to Dismiss; and

(iii) DENY Plaintiffs' Motion for Retroactive Extension of Time.

**I.   Background**

During the 1990s, Plaintiffs owned Hardee's and Roy Rogers restaurants. The instant case arises out of failed attempts by Plaintiffs to sell those restaurants to McDonald's. The negotiations, which began in June 1995, continued until 1999.

On December 31, 2001, Plaintiffs filed a 15-count complaint against Hardee's and McDonald's. On March 29, 2002, the Court, finding no indication in the file that Defendants had been served, sent a letter to Plaintiffs instructing them to advise the Court, by April 12th, of



the status of service. On April 10th, Plaintiffs served process on Hardee's parent corporation. On April 24th, Plaintiffs requested reissuance of the summons because the first one was sent to the wrong address. An Amended Complaint was filed on April 26th. Process was not successfully executed on Hardee's until May 23, 2002.

Both Defendants have filed motions to dismiss. In apparent response to Hardee's Motion to Dismiss, Plaintiffs have filed a "Motion for Retroactive Extension of Time to Serve Summons on Defendant."

## II.     Motion to Dismiss Standard

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III.    Analysis

### A.     **Hardee's Motion to Dismiss and Plaintiffs' Motion to Retroactively Extend Time**

Hardee's contends that Plaintiffs' claims against it should be dismissed because (i) service of process was insufficient, (ii) the claims are barred by the statute of limitations, and (iii)

each claim fails to state a claim as a matter of law.[1] The Court finds that service of process was inadequate.

A plaintiff must serve the complaint and summons upon the defendant within 120 days after the complaint is filed with the court. Fed. R. Civ. P. 4(m). The plaintiff may move for an extension of time under Rule 4(m) for good cause shown. Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995). In order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant. Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999). Some controversy exists in this circuit as to whether a district court has discretion to extend time under 4(m) in the absence of good cause. See Hammad, 31 F. Supp. 2d at 527-28 (holding that even if a plaintiff does not establish good cause, the district court may, in its discretion, grant an extension of time).

Plaintiffs, while conceding that service was delayed, argue that the Court should use its discretion and excuse Plaintiffs' tardiness. Plaintiffs contend that (i) the delay associated with serving the original summons was out of deference for principles of judicial economy, and (ii) Hardee's was not unfairly prejudiced by the late service. The Court, however, is unpersuaded.

The 120 day rule is intended to encourage efficient, speedy and inexpensive litigation. Mendez, 45 F.3d at 78. The rule provides ample time for a plaintiff to serve a defendant. In the instant case, Plaintiffs made no effort to serve process until three months after the complaint was filed. It was only after the Court intervened on March 29th, and instructed Plaintiffs to inform the Court as to the status of service, that the Plaintiffs first attempted service.

Plaintiffs explain that service was delayed to allow for the filing of an amended

---

[1] As the Court is dismissing on insufficiency of service grounds, there is no need to address the other arguments raised by Hardee's.

complaint. There are two problems with this argument. First, Plaintiffs waited almost four months to prepare and file an amended complaint. Second, intentional nonservice in order to further develop the legal basis for an argument is not good cause. See Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437-38 (N.D.W.V. 1992) (holding that intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to activating the lawsuit falls short of the good cause showing required).

Plaintiffs also contend that service was sufficient to put Hardee's on notice, and therefore, Hardee's was not prejudiced. Service on a corporation must be made upon its resident agent, president, secretary, or treasurer. Fed. R. Civ. P. 4(h); Md. R. Civ. P. 3-124(c). Plaintiffs' April 10th service was, therefore, inadequate because it was sent to Hardee's parent corporation and not its Maryland agent. Plaintiffs site no authority to support their contention that notice is all that is required, nor do they present a viable argument that Hardee's was actually put on notice through service to its parent corporation.

Whether the Court applies the more lenient standard employed in Hammad, allowing the use of discretion, or the stricter rule requiring a showing of good cause, the Court finds that Plaintiffs have failed to present any credible reasons for the Court to excuse the delay in service. Accordingly, Hardee's Motion to Dismiss is GRANTED and Plaintiffs' Motion to Extend Time is DENIED.

**B.    McDonald's Motion to Dismiss**

McDonald's contends that it should be dismissed from the case because (i) the Amended Complaint fails to state a claim upon which relief can be granted and (ii) Plaintiff Gallant lacks

standing to bring these claims.[2]

Under Federal Rule of Civil Procedure 8(a), all that is required for a complaint to survive a motion to dismiss is a short and plain statement of the claim. The Amended Complaint meets these liberal pleading requirements. The Court is satisfied that Plaintiffs have stated sufficient facts to survive a motion to dismiss. Once discovery is completed, McDonald's will have an evidentiary basis to contest the sufficiency of the claims.

Moreover, because the other Plaintiffs' claims must proceed to discovery, no resources would be conserved at this time by separately addressing whether Plaintiff Gallant has standing. The Court will, therefore, reserve ruling on that issue until after discovery. McDonald's may raise the issue again in a motion for summary judgment.

Accordingly, Defendant's motion to dismiss is DENIED without prejudice.

## IV.  Conclusion

For the reasons stated above, the Court shall, by separate Order, GRANT Hardee's Motion to Dismiss, DENY Plaintiffs' Motion for Retroactive Extension of Time and DENY McDonald's Motion to Dismiss without prejudice to refiling as a motion for summary judgment after discovery. A scheduling order will be issued separately.

Dated this ___ day of November, 2002.

Benson Everett Legg
United States District Judge

---

[2] McDonald's also points out that it is named in counts that do not allege any misconduct on its part. There is no need to address this problem, because all such claims, which are those against Hardee's, have been dismissed.